Ruffin, C. J.
 

 The privilege of charging persons with offences in a judicial proceeding, or with a view to one, is given by the'law, because the public interests require complaints to be made against offenders, or those really suspected of being such, and the complaints cannot be made without the use of such words, as would, if spoken on a different occasion, be slanderous. Hence, a person is not answerable for anything he says, in honestly preferring a complaint before a justice of the peace;
 
 and, prima facie, eve
 
 ry application is to be deemed honest, and to have been preferred upon good motives, until the contrary be shown, because it is a_ duty to bring offenders to justice. That, we believe, is all that is meant by the phrase, “ privileged communication;'’' nameíy, that the words are uttered in a legal proceeding, or on some other occasion of apparent duty, which
 
 prima facie
 
 imports that the party was actuated by a sense of duty, and not by the malice, which is generally to be implied from speaking words imputing a .crime to another.
 
 Cackyane
 
 v
 
 Hodgkison,
 
 6 Car. & P. 543.
 
 Johnson
 
 v
 
 Evans,
 
 3 Esp. 32. It is always open, however, to,the opposite side to prove malice, either by express evidence, or by circumstances attending the accusation, or by others that are collateral; as, for example, that the accuser had a particular grudge against the accused, and knew the accusation to be unfounded. It is, therefore, the question in all such cases, whether the party acted
 
 ixona fide
 
 in making the complaint, or from a wicked and malicious mind. It follows, that the instructions to the jury were as strong
 
 *381
 
 as they could possibly be, with any regard to the rights, of the defendant — being, that if he had any other purpose beside that of
 
 bona fide,
 
 in instituting a prosecution against the plaintiff, she would be entitled to recover; and allowing the plaintiff the benefit of the intrinsic, as well-as all other, evidence of some malicious purpose. It is apparent, therefore, that the plaintiff has no ground to complain of the instruction.
 

 There are several answers to the other exception. The silence of the Judge is not error, unless he be moved for a proper instruction. Here the party chose to take the chances before the jury, without the help of the Court on either of the two points. But, if instructions had been asked, they ought to have been refused. The declaration is, that the words — not importing,
 
 per se,
 
 a charge of larceny by the plaintiff — were meant by the defendant to be so understood by those to whom they were spoken, and were then so understood by them. Hence, the Court held, in this case, on a former occasion, that, the plaintiii might giye evidence as to the sense in which the hearers understood them. But that must, of necessity, be referred to the time of speaking the words ; else, it might happen, that the words would be understood' differently, at different times,- and be actionable or not, as the witnesses might apprehend their sense, more ov less correctly from time to time. Besides, there was no evidence, that the.report subsequently reached the two witnesses, or that it imparted to them a better understanding of the' defendant’s meaning • and the Court ought not to submit a point to the jury, on which there is no evidence. This observation is equally applicable to the other point, as it did not appear that any other person was present when the defendant spoke the words proved by the two witnesses, or that such person, if present, understood the allusion to be to the plaintiff.
 

 There was good cause of challenge to' the juror. But that does not vitiate the trial; for the juror might have
 
 *382
 
 conceived, that he was bound to serve, and by not making-the objection, the party waved it.
 

 Per Curiam, Judgment affirmed,'