STATE *vs.* HARVEY PERKINS, (Col.)

1. It is settled, that a witness who swears to the general bad character of another witness, may, upon cross-examination, be asked to name the individuals, who had spoken disparagingly of the witness, and what was said. This is every day practice. There is a difference between an examination in chief and a cross-examination, when the party endeavoring to sustain the witness, whose general character is attacked, may go into particulars as to persons, and what they said.

2. When a witness was called, to impeach the character of another witness, and stated that he did not know the general character of said witness, he ought to have been told to stand aside. Counsel have no right to cross-examine their own witnesses.

3. A challenge to a juror, must be made in "apt time," and before the jury are empanelled. If, after a jury have been empanelled and charged, exception is made, it is not in "apt time." After verdict, it is a matter of discretion for the judge, whether, under such circumstances, he will grant a new trial.

This was an indictment for burglary, tried before Henry, Judge, at Fall Term 1871 of Buncombe Superior Court.

The defendant's counsel interrogated the jurors as they were called, as to their indifference, viz : as to forming and expressing an opinion. No juror was objected to on that account.

The material witness for the State was the prosecutrix. The defendant introduced one Hampton, to impeach witness' character. He swore that witness' character was not good as to truth. The solicitor, on cross-examination, asked Hampton, to name the person whom he had heard speaking disparagingly of the prosecutrix. Defendant's counsel objected. The objection was overruled. Witness named several persons. The solicitor then asked what he had heard these persons say. This question was objected to, and objected overruled. Witness then stated expressions that he had heard used to the disparagement of the prosecutrix.

The solicitor then interrogated the witness, as to grounds of ill-feeling between the persons, whose names he had mentioned and the proseeutrix, and between himself and prosecutrix. Witness stated facts tending to show ill-feeling. Objection to this question was overruled.

Defendant introduced another witness as to general character. He stated that he did not know the general character of prosecutrix. Defendant then proposed to ask witness whether he did not know her general character for "virtue," and for vindictiveness and malignity, and her general character, growing out of a particular transaction. These questions were excluded by the Court.

Verdict of guilty. Rule for a new trial, for the exceptions above stated, and for the further reason that one of the jurors had been foreman of the grand jury, which found the bill of indictment, which fact was not discovered until after the jury were empanelled, and charged by the Court. The juror stated that if he had belonged to the grand jury, which found the bill of indictment, he had forgotten the fact. Rule for new trial discharged. Judgment. Appeal to Supreme Court.

*Attorney General* for the State.
*Coleman* for the defendant.

PEARSON, C. J. 1. It is settled, that a witness who swears to the general bad character of another witness on the other side, may upon *cross-examination*, be asked to name the individuals whom he heard speak disparagingly of the witness, and what was said. This is every day practice, and the exception was taken under a misapprehension as to the difference between an examination in chief, and a cross-examination, when the party endeavoring to sustain the witness, whose general character is attaeked, may go into particulars as to persons and what they said. This disposes of *Hampton.*

2. The witness Blackwell, called by the defendant, having stated that "he did not know the general character of the

prosecutrix," ought to have been told to stand aside, for the defendant's counsel had no right to cross-examine his own witness.

3. It was the misfortune of the defendant, that neither he or his counsel had been sufficiently on the alert, to enable them to find out the fact in "apt time" to make it cause of challenge, that one of the jurors was on the grand jury, when the bill was found. This might have been a ground for his Honor in the Court below, to grant a new trial, if he had any reason to suspect unfairness on the part of the prosecution, but all suspicion of that kind was put out of the question, for it was stated by the juror, " if he was on the grand jury he had forgotten it, when he was put on the petit jury." How far this was satisfactory to his Honor, was a matter for him. But we will say we entirely concur in his conclusion. After a defendant has taken his chances for an acquital, the purposes of justice are not subserved by listening too readily to objections that were not taken in "apt time."

No ERROR. This will be certified.