### JOHN D. SPICER *vs.* R. F. FULGHUM AND OTHERS.

Where the plaintiff's counsel, before the jury was impanneled, requested that any juror in the box who was related to any one of the defendants by blood or marriage should retire, and no juror retired or replied: *Held,* that it was not error for the Judge to refuse to grant a new trial, because after verdict and judgement it was ascertained that a juror was connected with one of the defendants; it being a matter of discretion.

*State* v. *Perkins*, 66 N. C. 126, cited and approved.

Civil action tried before *Clarke, J.,* at January Special Term, 1872, of the Superior Court of WAYNE.

SPICER *v.* FULGHUM AND OTHERS.

It was instituted for the purpose of foreclosing a mortgage made to secure three promissory notes given by defendants Fulghum and Whitfield to Nancy B. Latham, also a defendant. The notes were in the usual form of promissory notes, given Nov. 27th, 1868, and payable with interest, March 1st, 1869, January 1st, 1870, and January 1st, 1871, respectively. In July 1870, the payee assigned them for value to one Morrissey as a commissioner, and Morrissey assigned them to the plaintiff for a valuable consideration.

At the trial, before the jury was impanneled, the plaintiff's counsel, in the presence of the Court, after reading over the names of the defendants, requested any juror in the box, related by blood or marriage to any of the defentants to retire from the box, and no juror retired or said anything. His Honor charged the jury, in substance, that if they found that the plaintiff knew that Morrissey had no right to transfer the note, or had reasonable grounds to believe Morrissey was guilty of a breach of trust in so doing, he was not entitled to recover, but that if he were an innocent purchaser he was entitled to recover. The plaintiff excepted. Verdict was rendered for the defendants, and after judgment the plaintiff moved for a new trial on the ground that he had discovered, since the trial, that one of the jurors was connected by marriage with the defendant Nancy B. Latham. Upon being questioned the juror admitted there was some relationship between his wife and the said defendant; but he was unable to say what; and after explanation, His Honor said he could not make out the relationship, and that it was so remote that he would not have excluded the juror if it had been stated before the trial. He refused the motion, and the plaintiff appealed.

*Faircloth* for the plaintiff.
*Smith & Strong* for the defendants.

BOYDEN, J. There are but two questions made in the case.

First, that his Honor erred in his ruling as to a challenge made on the part of the plaintiff in the following form, "If any juror in this box is related to any one of the defendants, by blood or marriage, he is requested to retire from the jury box." No juror retired or offered to retire or make any response. His Honor certainly permitted this form of challenge (if it may be called one) and he made no objection to any juror's retiring or responding to the challenge. How then did his Honor err in this matter? He permitted the plaintiff to have his own way; and if any thing injurous to the plaintiff resulted from this form of challenge, it was the fault of the plaintiff, and not of his Honor.

Challenges to jurors must be made, in apt time, and before the jurors are impanneled. It comes too late after verdict. *State* v. *Perkins,* 66, N. C. R. 126. In that case, his Honor, the Chief Justice, says : " It was the misfortune of the defendant that neither he nor his counsel had been sufficiently on the alert to enable them to find out the fact in apt time to make it a cause of challenge, that one of the jurors was on the grand jury when the bill was found. This might have been a ground for his Honor, in the Court below, to grant a new trial, if he had any reason to suspect unfairness on the part of the prosecution." His Honor further remarks in that case : " After a defendant has taken his chances for an acquittal the purposes of justice are not subserved by listening too readily to objections that were not taken in apt time." In fact this, instead of being regarded as error in not allowing a challenge to a juror, must be for not allowing a new trial; and regarded in that light the above mentioned case is full authority for the ruling of his Honor, had it appeared that the juror was in fact incompetent, and that the challenge must have been allowed had it been taken "in apt time." How much more then in this case was his Honor right in refusing a new trial, where the connection by marriage was so remote, that, in all probability, the juror had forgotton the connection, if he ever

knew it, and where it was so remote that neither his Honor nor the plaintiff's counsel was able to compute the degree of relationship. At all events there is nothing appearing on the record, in regard to the juror, to authorize this Court to disturb the verdict of the jury.

As to the other point, that his Honor submitted a question of law to the jury instead of deciding it himself, the counsel is wholly mistaken in supposing that the question of the negotiability of the note was submitted to the jury; as his Honor, in his instructions upon this part of the case, assumed that the note was negotiable.

There is no error.

PER CURIAM.                                        Judgment affirmed.