STATE v. H. A. DAVIS and others.

*Juror—Challenge after Verdict.*

1. On a trial for burglary the prisoner offered to show upon information received since the verdict of guilty that one of the jurors who tried the cause was an atheist, and the court refused; *Held* not to be error.

2. The challenge *propter defectum* should be made before the juror is sworn,—otherwise the prisoner waives his right of challenge.

3. Where the ground of objection to a juror existed at the time he was sworn, but was not discovered until after verdict, the court may in its discretion allow the challenge and grant a new trial. Its refusal to do so is not reviewable.

(*State* v. *Seaborn*, 4 Dev., 305; *Perkin's case*, 66 N. C., 126; *Lamon's*, 3 Hawks., 175; *Griffice's*, 74 N. C., 316; *Patrick's*, 3 Jones, 443; *Craw-ford's*, 2 Hay., 485, cited and approved.)

INDICTMENT for Burglary tried at Fall Term, 1878, of ORANGE Superior Court, before *Kerr, J.*

The defendants, Henry A. Davis, Henry F. Andrews and Lewis Carlton, were tried and convicted of burglary. The statement of the case shows that after their conviction, no exceptions having been taken by them during the progress of the trial, the court being about to pronounce its judgment inquired of them if they or either of them had anything to say why the sentence of the law should not be pronounced upon them, and the defendants' counsel replied that since the trial and verdict he had been informed that one of the jurors who sat on the trial disbelieved in the existence of Almighty God, and asked His Honor to allow him to introduce proof upon that point with the view of laying the foundation for a motion for a new trial. The motion was refused and the judgment of the court pronounced. Appeal by defendants.

STATE *v.* DAVIS.

*Attorney General,* for the state.

No counsel in this court for the defendants.

ASHE, J. (After stating the case.) Have the defendants been injured or deprived of any legal rights they possessed by the refusal of the court to grant their motion ? We think not. If their motion had been allowed and they had proved that the juror referred to was an atheist, and that fact had only come to their knowledge after the trial, the court might still have refused a new trial without committing an error. Their objection to the juror comes too late. It is well settled by English authorities sanctioned by the uniform practice of centuries and by numerous decisions in this state, that no juror can be challenged by the defendant without consent after he has been sworn, unless it be for some cause which has happened since he was sworn. The challenge *propter defectum* should be made as the juror is brought to the book to be sworn and before he is sworn; if not then made the defendant waives his right of challenge. *State* v. *Seaborn,* 4 Dev., 305; *State* v. *Perkins,* 66 N. C., 126 ; *State* v. *Lamon,* 3 Hawks, 175; *State* v. *Griffice,* 74 N. C., 316; *State* v. *Patrick,* 3 Jones, 443; 1 Whar. Cr. L., 472; Joy on Jurors, § 10 ;. Hawkins P. C., ch. 43, § 1; Hale P. C., 274. And in conformity to this rule of practice is the ancient formula used by clerks both in England and in this country in their address to prisoners before the jurors are drawn— "those men that you shall have called and personally appear are to pass between our sovereign (or the state) and you upon your trial of life and death; if therefore you will challenge them or any of them, your time is to speak to them as they *come to the book to be sworn and before they are sworn.*"

There is one point in this connection upon which there are few authorities, but those we have found are in harmony with the principle above stated :—It is where the ground of

objection to the juror existed at the time of his being sworn but not discovered, as in our case, until after verdict. In *State* v. *Crawford*, 2 Hay., 485, a new trial was moved because one of the jurors was not a freeholder, and this not known to defendant until after the trial, but TAYLOR, J., refused the motion. *McClure* v. *State*, 1 Yerger, (Tenn.), 206, is almost identical in the facts with our case. There, after the jury had rendered their verdict in the court below, the prisoner's counsel moved the court for a new trial upon the ground that one of the traverse jury was an atheist, and that fact was unknown to the prisoner until after the jury were sworn. The motion was disallowed, because not made before the juror was sworn, and CATRON, C. J., in the opinion says: "It is said the want of knowledge is an exception to the general rule. This is a mistake. The case of *Watson* in Yelverton was this very case, where the exception was discovered after the juror was sworn and the court declared it within the general rule."

We think the principles deducible from all the authorities above cited, are, that where the challenge is to the poll, made for good cause, in apt time—that is before the juror is sworn—it is strictly and technically a ground for a *venire de novo;* if made after the juror is sworn the court may in its *discretion* allow the challenge; but its refusal to do so, is no ground for a *venire de novo*, because the prisoner has lost his legal right by not making his objection at the proper time. And the same principle applies if the objection existed at the time the juror was sworn, but not discovered until afterwards; in that case the refusal by the court to grant a *venire de novo* or new trial which in effect are the same, would not be error, and the only redress then left the prisoner is an appeal to the sound discretion of the court before whom the case was tried for a new trial, and if refused, he has no right of appeal.

There is no error. This will be certified to the court below that further proceedings be there had according to law.

PER CURIAM.                                              No error.