## STATE v. MAULTSBY.

(Filed April 22, 1902.)

1. VERDICT—*Setting Aside—Jury—Prosecuting Witness—Relation-ship.*

Refusal to set aside a verdict in a criminal action on account of relationship of prosecuting witness and a juror, discovered after verdict, is not reviewable on appeal.

2. VERDICT—*Setting Aside—Evidence.*

Refusal of trial judge to set aside a verdict against defendant in a criminal action as contrary to the evidence is not reviewable.

3. WITNESSES—*Corroboration.*

Where the credibility of a witness is attacked, he may be corroborated by evidence of similar statements.

INDICTMENT against John W. Maultsby, heard by Judge *W. S. O'B. Robinson* and a jury, at January Term, 1902, of the Superior Court of CUMBERLAND County. From a verdict of guilty and judgment thereon, the defendant appealed.

*Robert D. Gilmer, Attorney-General,* and *T. H. Sutton,* for the State.
*Robinson & Shaw,* for the defendant.

CLARK, J.   The motion to set aside the verdict on account of relationship between the prosecuting witness and a juror, which was discovered after verdict—even if such relationship is ground of objection, as to which it is not necessary to decide—rested in the discretion of the trial Court, and its refusal is not reviewable on appeal.   This has been held where the relationship between a party and a juror is not discovered till after verdict.   *Spicer v. Fulgham,* 67 N. C., 18; *Baxter v. Wilson,* 95 N. C., 137.   The same ruling has been made where, after verdict, the juror was ascertained to be incompe-

tent because a minor (*State v. Lambert,* 93 N. C., 618), or not a freeholder (*State v. Crawford,* 3 N. C., 485), or an atheist (*State v. Davis,* 80 N. C., 412), or a non-resident (*State v. White,* 68 N. C., 158), or for other causes, see *State v. DeGraff,* 113 N. C., 113, and *State v. Council,* 129 N. C., 517, and cases there cited.

The same is true as to the refusal of the motion to set aside the verdict because contrary to the evidence or against the weight of the evidence. *Whitted v. Fuquay,* 127 N. C., 68; *State v. Davis,* 80 N. C., 384; *State v. Storkey,* 63 N. C., 7, and *State v. Kearsey,* 61 N. C., 481.

It was competent to corroborate the witness, whose credibility had been attacked by the course of the cross-examination to show by his own testimony that soon after the occurrence and before this proceeding began he had made similar statements to his testimony on the stand. *State v. McKinney,* 111 N. C., 683; *State v. Freeman,* 100 N. C., 429; *State v. Parrish,* 79 N. C., 610, and cases cited in Walser's Index-Digest, pages 97, 98.

No Error.