R. D. LUPTON ET AL. v. NATHAN SPENCER ET AL.

(Filed 14 March, 1917.)

**1. Jurors—Talesmen—Selection — Call from Outside — Sheriffs — Courts — Statutes.**

The primary duty of selecting tales jurors for the trial of a cause is with sheriffs, and their deputies acting for them, under the control and supervision of the court; permitting these executive officers so acting to go outside for the purpose or notify them in advance when such course is best promotive of the ends of justice. Revisal, sec. 1967.

**2. Jurors—Sheriffs—Relationship to Parties—Interest.**

Whenever it is made to appear that the sheriff has an interest, direct or indirect, in the cause of action for the trial of which tales jurors are to be called, or bears such a relation to the parties thereto as to render him an improper or unsuitable person to perform this duty, the court may designate another for the purpose. Revisal, sec. 1968.

**3. Same — Appeal and Error — Objections and Exceptions — Laches — New Trials—Impartial Panel.**

Where objection has been made to the sheriff's calling in tales jurors for the trial of a cause on the grounds that he is a cousin of one of the parties, and that the action involved title to lands, which his brother had warranted, and the court designates his deputy for the purpose, who reads the names of jurors from a list, informing counsel, in reply to his question ,that he, the deputy, has made it; and the jury being selected, the trial proceeds to verdict, after which the sheriff, in the presence of the court, counsel, and parties, states that he had made the list of jurors, whereupon the injured party insists upon his right to an impartial panel, it is *Held,* under the facts stated, he was not guilty of laches, and his motion to set aside the verdict, and for a new trial, should be sustained as a matter of right. *S. v. Maultsby,* 130 N. C., 664, cited and distinguished.

SPECIAL PROCEEDING to establish a divisional line, instituted before the clerk of Pamlico County. The pleadings having raised the question of title, the cause was duly transferred to the civil-issue docket of said county and tried as an action to recover land, before *Lyon, J.,* and a jury, at Fall Term, 1916, of PAMLICO.

There was verdict for plaintiffs, judgment thereon, and defendants excepted and appealed.

*Moore & Dunn for plaintiffs.*
*Ward & Ward and H. L. Gibbs for defendants.*

HOKE, J. Defendants, among many other exceptions, object to the validity of the trial by reason of the manner in which the jury was selected, a number of them bein talesmen, and the ground of his objection is very correctly set forth in his assignment of error, taken from the record, as follows: "When the jury was being selected the defendants objected to the sheriff's summoning the talesmen, there being a deficiency of several of the regular jury, on the ground that the plaintiffs were first cousins of the sheriff. His Honor ordered the deputy sheriff to summon the talesmen. In summoning the talesmen the deputy sheriff began reading from a list which he had in a book. Counsel for the defendants made inquiry as to the origin of this list, and the deputy sheriff said he had gotten them up himself. Nothing further was said about the matter at this stage."

"During introduction of the evidence it appeared that F. A. Lupton, together with his wife, Rena Lupton, had warranted the title to the plaintiffs to the land in controversy, and that said F. A. Lupton was the brother of the sheriff. After the verdict the sheriff stated, in the presence of his Honor and counsel for defendants, that he had selected the talesmen, constituting the list that his deputy read from in naming the talesmen selected on the jury to try this cause, two or three days before the trial of the cause. It appeared also that this cause had been set regularly on the calendar for trial at this term."

Under our law, a litigant has the legal right to have his cause tried before an impartial jury, selected according to the forms of law, and if he has not waived his objection nor been guilty of laches in insisting upon it, it is the duty of the court to see that this right is awarded him. To this end the power of summonns talesmen is given the court inherent and approved with us by statutes, Revisal, sec. 1967, and, although the primary meaning of the term would imply that they are to be selected from the bystanders, it is the practice and within the powers of the court and of the executive officers, acting under its orders, to go outsire for the purpose or to notify them in advance when such a course is

best promotive of the ends of justice. *S. v. McDowell and Hartness,* 123 N. C., 764. Under our system of procedure the executive duty of selecting these talesmen is primarily with the sheriff, or his deputies acting for him, but this matter is under the control and supervision of the court, and whenever it is made to appear that the sheriff has such an interest in the cause, direct or indirect, or bears such a relation to the parties thereto as to render him an improper or unsuitable person to perform this duty, the court may designate some other for the purpose. This power, too, has been expressly confirmed with us by statute. Revisal, sec. 1968, in terms as follows: "In the trial of any action before a jury, where the sheriff of the county in which the cause is to.be tried is a party or has any interest in the action, or where the presiding judge shall find upon investigation that the sheriff of the county is not a suitable person, on account of indirect interest in or relative to the cause of action, to be entrusted with the summoning of the tales jurors in any particular case pending, such judge shall appoint some suitable person to summon the jurors in place of the sheriff."

Recurring to the record, it appears that the rights of defendants, in the respects suggested, have not been sufficiently regarded in the present case, and we are of opinion that his objection to the validity of the trial, on that ground, must be sustained. Knowing that the sheriff was closely related to the parties plaintiff, defendants in apt time objected to his selection of the talesmen, and the court, after investigating the matter, decided that the sheriff was not a suitable person to act, and directed the deputy to select them. When the latter proceeded to do this from a list, counsel at once made inquiry, and was informed that the deputy had made out the list. In the further development of the case it appeared that, in addition to the sheriff being a first cousin of the parties, his own brother had conveyed the land in question to plaintiffs by deed, with covenants of warranty, etc.; that he had made out this jury list at the beginning of the term, and with this cause on the calendar for trial. On htese facts, not controverted in the record, we are of opinion that defendants, as of right, are entitled to have the verdict set aside and the cause tried before another jury.

We are not inadvertent to decisions of our court holding that a verdict will not be set aside as a matter of right by reason of the partiality or natural bias of a juror when the objection is made for the first time after the verdict is rendered. *S. v. Maultsby,* 130 N. C., 664; *Baxter v. Wilson,* 95 N. C., 137; *Spicer v. Fulghum,* 67 N. C., 18. These were instances of individual jurors whose positions might or might not have affected the result, and an examination of the cases will disclose, too, that much stress is laid on the fact that the objection was made for the first time after verdict rendered and with an intimation

that the litigant had not been sufficiently alert in ascertaining the conditions complained of. To our minds these authorities do not apply to the facts of this record where it appears that the defendants moved in apt time, insisted on their objection throughout, and this objection is made, not to the individual juror, but to the action of the executive officer in selecting a large number of the panel and by whose representations both the parties and the court were imposed upon.

Under the principles approved and applied in the well considered case of *Boyer v. Teague,* 106 N. C., 571, we are of opinion, as stated, that the verdict should be set aside and a new trial had.