### FRANK WILSON v. ROY BATCHELOR.

(Filed 28 September, 1921.)

**1. Pleadings—Superior Courts—Justices' Courts—Statutes.**

Pleadings and proceedings in the trial of a cause should be liberally construed so as to prevent a failure of justice because of mere informality or irregularity, especially when the case is tried before a justice of the peace, where the statute expressly provides that the pleadings are not required to be in any particular form and are sufficient when they "enable a person of common understanding to know what is meant."

**2. Same—Appeal—Amendments.**

Where it appears from an entry on appeal from a justice of the peace, that the plaintiff has sued to recover of an employee the amount of an alleged overdraft, and the defendant has pleaded as a counterclaim that, under his contract of employment, he was to receive a larger amount in contemplation of an increase in the business justifying it; and that on the trial the only question presented was whether there should have been an increase in a specific sum which admittedly was sufficient to cover the defendant's demand; and it further appears from an entry made at the trial in the Superior Court on appeal thereto that the defendant admitted plaintiff's claim, but further claimed he was entitled to a credit to the amount of the promised increase of salary, leaving this the only disputed question: *Held,* the plaintiff was given sufficiently definite notice of the defendant's claim, and his objection to the insufficiency of the pleadings was untenable.

**3. Same—Motions.**

Either in a court of a justice of the peace or in the Superior Court an objection to the insufficiency of the pleadings for indefiniteness should be motion to make them more specific. C. S., 537.

**4. Same—Jurisdiction.**

> On appeal from a court of a justice of the peace, the only limitation upon the power of the Superior Court to allow an amendment of the pleadings relates to the jurisdiction of the justice's court over the subject-matter of the action.

**5. Instructions—Trials—Evidence—Admissions.**

> Where the defendant, an employee of plaintiff, in the latter's action to recover a certain amount of the former's overdraft on account of services rendered, admits this amount, but sets up a counterclaim in a certain sum, which would more than cover the plaintiff's demand, and the stipulation as to the salary showing this difference, is the only disputed fact, an instruction to the jury that if they find that the plaintiff had promised to pay the defendant the amount claimed by him, to find the issue for the defendant in the amount of the counterclaim, less the plaintiff's claim, is not erroneous.

**6. Jurors — Challenges — Waiver — Verdict — Court's Discretion— New Trials—Appeal and Error—Attorney and Client.**

> While the relationship of a juror to a party to an action may be ground for challenge in certain cases, the appellant is deemed to have waived his right to object to the verdict for that reason where his objection has been made after the verdict was returned; even though the juror has, unintentionally, so far as appears, misled the appellant's attorney by remaining silent when the general question as to relationship was addressed to the jurors before they were impaneled. It is within the sound discretion of the trial judge, though, to set the verdict aside, the exercise of which is not reviewable on appeal. The question as to whether the relation of attorney and client between the juror, having a cause at issue at the term, and opposite counsel in the pending case, is a sufficient ground of challenge, is not decided.

APPEAL by plaintiff from *Horton, J.,* at the March Term, 1921, of PITT.

Plaintiff sued before a justice of the peace to recover of defendant $126.19. He had employed the defendant as clerk in August, 1914, at $50 per month, and the defendant's services having proved satisfactory, the plaintiff contracted with the defendant for 1915 and 1916. The plaintiff contends that he was to pay the defendant for his services for 1915 $720, and for 1916 the sum of $800. The defendant contends he was to receive $800 for 1915, and $900 for 1916. The defendant had overdrawn his account by $126.19, about which there was a dispute, and contends that if he had received the proper salary credit, it would leave the plaintiff indebted to him in the sum of $53.81, this being the difference between $180 due on his salary and the store account of $126.19.

It was conceded at the trial that, if the plaintiff sustained his contention he was entitled to recover the full amount sued for, and if the defendant sustained his contention that the plaintiff was entitled to recover nothing, and the defendant the sum of $53.81, and the case was

tried upon this theory. The jury sustained the contention of the defendant, found that he was not indebted to the plaintiff in any amount, and rendered a verdict against the plaintiff for $53.81. Judgment was rendered accordingly, and plaintiff appealed.

*W. F. Evans for plaintiff.*
*Albion Dunn for defendant.*

WALKER, J., after stating the case: The plaintiff's position is, that the defendant has not alleged in his counterclaim that the plaintiff had promised to pay him the sum. of $900 for the year 1916, but that he would raise his salary if there was an increase in the business, and that there was a large increase, which reasonably entitled defendant to a salary of nine hundred dollars, but we are of the opinion that the oral pleadings contain a sufficient allegation. The pleadings were somewhat informal, it being an appeal from a magistrate, but in the Superior Court the following entry was made in the record, as appears: "The defendant admits that the plaintiff's account as introduced is correct, except the salary credits, the defendant claiming that he is entitled to a credit of $800 for 1915 and $900 for 1916, instead of $720 for 1915 and $800 for 1916." This gave the plaintiff fair notice of the nature of defendant's demand, and it was substantially a more definite statement of the latter's counterclaim.

We must construe the pleadings and proceedings liberally, and not allow justice to fail because of any mere informality or irregularity, especially when we are dealing with pleadings before justices of the peace. "Pleadings (before a justice) are not required to be in any particular form, but must be such as to enable a person of common understanding to know what is meant." C. S., 1500 (Rule 7), 1 vol., 669. We said in *Smith v. Newberry,* 140 N. C., 385, at page 387, that large power of amendment is vested in the Superior Court, limited only by the condition that the amendment show a cause of action with the jurisdiction of the justice. *Mfg. Co. v. Barrett,* 95 N. C., 36; *Planing Mills v. McNinch,* 99 N. C., 517. If the plaintiff had so desired, he might have called upon the defendant to make his counterclaim more specific, either in the justice's court or after the case reached the Superior Court upon appeal. Rev., 496; cases cited in Clark's Code, sec. 261. In the absence of any more definite pleadings or any motion to make them so, his Honor properly submitted the issue upon the cause of action which seemed to be, and, as the jury found, was sustained by the evidence. And to the same effect is *Turner v. McKee,* 137 N. C. (Anno. Ed.), 257. While the complaint, as it was briefly noted on the justice's docket and return to

WILSON *v.* BATCHELOR.

appeal, may state merely that if, in 1916, there was an increase in the business over that of 1915, the salary would be raised, the plaintiff made his promise more definite after he learned what the increase was by fixing $900 as the amount of the salary, and throughout the trial he was apprised of the true claim made by the defendant. There is no legal merit in this exception to the charge of the court that if the jury found that the plaintiff had promised to pay defendant $900 for the year 1916, they should allow the latter that amount, and deducting plaintiff's claim of $126.19 from the balance due defendant on his salary, calculated on that basis, which was $190, their verdict would be for the ultimate balance, which is $53.81.

The plaintiff inquired of the jury, before they were impaneled, if any one of them had retained the counsel for the defendant in this case, in any pending cause, and received no answer. After the verdict was returned defendant moved for a new trial because the said counsel had been retained by one of the jurors in a pending cause, and such was the fact. The motion was overruled, and properly so. We held in *S. v. Maultsby,* 130 N. C., 664 (opinion by the present *Chief Justice),* that a motion to set aside the verdict on account of relationship between the prosecuting witness and a juror, which was discovered after verdict— even if such relationship is ground of objection, as to which it is not necessary to decide—rested in the discretion of the trial court, and its refusal is not reviewable on appeal. This has been held where the relationship between a party and a juror is not discovered until after verdict. *Spicer v. Fulghum,* 67 N. C., 18; *Baxter v. Wilson,* 95 N. C., 137. The same ruling has been made where, after verdict, the juror was ascertained to be incompetent because a minor *(S. v. Lambert,* 93 N. C., 618), or not a freeholder *(S. v. Crawford,* 3 N. C., 298), or an atheist *(S. v. Davis,* 80 N. C., 412), or a nonresident *(S. v. White,* 68 N. C., 158), or for other causes, see *S. v. DeGraff,* 113 N. C., 690, and *S. v. Council,* 129 N. C., 517, and cases there cited. And in *S. v. Perkins,* 66 N. C., 126, at page 128, the Court said by *Pearson, C. J.:* "It was the misfortune of the defendant that neither he nor his counsel had been sufficiently on the alert to enable them to find out the fact in 'apt time' to make it cause of challenge, that one of the jurors was on the grand jury when the bill was found. This might have been grounds for his Honor in the court below to grant a new trial if he had any reason to suspect unfairness on the part of the prosecution, but all suspicion of that kind was put out of the question, for it was stated by the juror, 'if he was on the grand jury he had forgotten it when he was put on the petit jury.' How far this was satisfactory to his Honor was a matter for him, but we will say that we entirely concur in his conclusion. After a

defendant has taken his chances for an acquittal the purposes of justice are not subserved by listening too readily to objections that were not taken in 'apt time.'" And so in *S. v. Patrick,* 48 N. C., 443, this Court by *Nash, C. J.,* held that it is too late, after a juror has been taken and accepted by the prisoner, and has served on the trial, to except to him for incompetency, and this was said, in a trial for a capital felony to be the law, even though the objection to the juror, if taken at the proper time, would have been allowed as a good challenge for cause. In all legal proceedings, it was said, there is an apt time for every step in the proceeding, and every objection or privilege must be made or claimed at the proper time, or the party making it will be considered as having waived it. *Briggs v. Byrd,* 34 N. C., 377. The case of *S. v. Davis,* 80 N. C., 412, is an instructive one on this point. It was there held (opinion by *Ashe, J.*), that the objection to a juror after verdict came too late, and that learned *Justice* said: "It is well settled by English authorities, sanctioned by the uniform practice of centuries and by numerous decisions in this State, that no juror can be challenged by the defendant without consent after he has been sworn, unless it be for some cause which has happened since he was sworn. The challenge *propter defectum* should be made as the juror is brought to the book to be sworn and before he is sworn; if not then made the defendant waives his right of challenge." *S. v. Seaborn,* 15 N. C., 305; *S. v. Perkins,* 66 N. C., 126; *S. v. Lamon,* 10 N. C., 175; *S. v. Griffice,* 74 N. C., 316; *S. v. Patrick, supra;* 1 Whar. Cr. L., 472; Joy on Jurors, sec. 10; Hawkins P. C., ch. 43, sec. 1; Hale P. C., 274. And in conformity to this rule of practice is the ancient formula used by clerks, both in England and in this country, in their address to prisoners before the jurors are drawn: "Those men that you shall hear called and who personally appear are to pass between our sovereign (or the State) and you upon your trial of life and death; if, therefore, you will challenge them or any of them, your time is to speak to them as they come to the book to be sworn and before they are sworn." It there was further held that "where the ground of objection to a juror existed at the time he was sworn, but was not discovered until after verdict, the court may in its discretion allow the challenge and grant a new trial. Its refusal to do so is not reviewable." To the same effect are the following cases: *S. v. Lipscomb,* 134 N. C., 689; *S. v. Lambert,* 93 N. C., 580; *S. v. Parker,* 132 N. C., 1014; *S. v. Perkins, supra,* and *Spicer v. Fulghum,* 67 N. C., 18, which is directly in point. In the last cited case it was held that "where the plaintiff's counsel, before the jury was impaneled, requested that any juror in the box who was related to any one of the defendants by blood or marriage should retire, and no juror retired or replied:

*Held,* that it was not error for the judge to refuse to grant a new trial, because after verdict and judgment it was ascertained that a juror was connected with one of the defendants, it being a matter of discretion," citing *S. v. Perkins,* 66 N. C., 126.

There is no suggestion in this case of bad faith or corruption on the part of the juror, whose conduct is in question, or that plaintiff sustained any damage by his silence when the inquiry was made. For all that appears, he may have suffered no prejudice. In *S. v. Parker,* 132 N. C., 1014, a boy not under ten years of age had drawn the venire. The court, in the absence of bad faith or corruption, refused to set aside the verdict.

The other exceptions are merely formal.

No error.