STATE OF NORTH CAROLINA v. ANDREW WALLACE POOLE

No. 7525SC120

(Filed 21 May 1975)

1. Jury § 6— jury examination — changing opinion — improper question

It was not error for the trial court to sustain the State's objection to defendant's question to a juror as to whether seeing the other 11

members of the jury panel voting for acquittal would cause him to change his opinion.

**2. Criminal Law §§ 111, 163 —objection to charge — failure to set out what charge should be**

Defendant's argument that the trial court should have instructed with respect to the consequences of the failure of the jurors to agree is without merit where the court gave an adequate instruction as to the purpose of the jury, their deliberating together and reaching a verdict and where defendant did not suggest what the court should have said or request any specific instruction.

**3. Jury § 5— jurors acquainted with solicitor or witness — jurors related to law enforcement personnel — failure to remove proper**

The trial court did not err in failing to allow defendant to remove certain jurors because they knew the solicitor or a witness or were related to people in the field of law enforcement.

**4. Robbery § 4— accessory after the fact to armed robbery — sufficiency of evidence**

Evidence was sufficient to support a guilty verdict in a prosecution for being an accessory after the fact to armed robbery where such evidence tended to show that two men robbed two convenience store employees at knifepoint at 9:00 p.m., one of the victims observed the men flee in a white Dodge van, a white Dodge van was stopped by police at 9:25 p.m., defendant was the driver of the van, and defendant had a number of bills on his person when apprehended.

**5. Criminal Law § 88— splitting up money from robbery — cross-examination proper**

In defendant's trial for being an accessory after the fact to armed robbery where the evidence raised an inference that the money taken had been split between the robbers and the defendant following the robbery, the trial court did not err in allowing the State to ask one of the robbers on cross-examination, "How did you split the money up that you got down there?"

APPEAL by defendant from *Thornburg, Judge.* Judgment entered 14 November 1974 in Superior Court, CATAWBA County. Heard in the Court of Appeals 11 April 1975.

Defendant was charged with being an accessory after the fact to armed robbery in violation of G.S. 14-7. Upon his plea of not guilty the jury returned a verdict of guilty as charged. From judgment sentencing him to imprisonment for a term of ten years, defendant appealed.

State's evidence tended to show that shortly after 9:00 p.m. on 20 August 1974 two men, later identified in court as Clarence Majors and Charles Williams, entered the Smile Food-O-Mat convenience store on South Center Street in Hickory; that the

men threatened two of the employes working in the store with a knife and robbed them; that one of the employes observed the two men flee in a white Dodge van, and he remembered part of the license number as being AK 12. Other evidence introduced by the State showed that two patrolmen for the City of Hickory received a report than an armed robbery had just occurred and a description of the robbers and the van; that the patrolmen proceeded to the area of the robbery, spotted a white Dodge van with license number AK-152 and stopped it at approximately 9:25 p.m.; and that Charles Williams and the defendant got out from the driver's side of the van and Clarence Majors and the defendant's wife exited from the passenger side. One of the officers testified that although he did not see the defendant operating the van, the defendant told him he had been driving it. Other officers testified to finding currency and a knife inside the van. Four $5 bills, one $20 bill, five $10 bills and nineteen $1 bills also were found on the person of the defendant.

The only evidence offered by the defendant consisted of the testimony of Clarence Majors, who was identified in court as one of the participants in the armed robbery. Majors testified that after he left the Smile convenience store he returned to "this place where I was supposed to be visiting" and that he asked the defendant to drive him to Asheville. According to Majors, no one had notified the defendant that a crime had been committed.

Additional facts necessary for decision are set forth in the opinion.

*Attorney General Edmisten, by Assistant Attorney General William F. Briley, for the State.*

*L. Oliver Noble, Jr., for defendant appellant.*

PARKER, JUDGE.

[1]   Three arguments are presented in defendant's first assignment of error. Defendant first contends that it was error for the trial court to sustain the State's objection to his question to a juror as to whether seeing the other 11 members of the jury panel voting for acquittal would cause him to change his opinion. Defendant maintains this question was asked merely to determine whether the juror was of independent mind or whether he would entertain any individual opinions if the other members of the jury disagreed. "In a number of cases, attempts

have been made during the jurors' voir dire examination to ascertain whether a juror would be influenced by other jurors if there was disagreement among the members of the jury as to their verdict." 47 Am. Jur. 2d, Jury, § 205, p. 795. In a majority of cases such questions have been considered improper. See Annotation, 99 A.L.R. 2d 7, 99, § 7 (1965). The rationale of the cases is succinctly set forth in the case of *State v. Tally,* (Mo.), 22 S.W. 2d 787, 788 (1929), where Chief Justice White, speaking for a unanimous Court stated:

> "The trial court is vested with a large discretion in allowing examination of prospective jurors as to their qualifications. A juror is sworn and instructed to decide the issues according to the law and the evidence. Counsel may not, in advance, ask him to speculate upon what he might do, and how his verdict might be influenced by certain contingencies that may arise later. His view of the evidence and the instruction may be influenced by the reasoning of his associates and by the argument of counsel, and there is no objection to that. The only thing required is that he reach a conclusion which is satisfactory to him. Such questions are therefore improper. (Citation omitted.)"

[2]  Defendant next argues that the trial court should have instructed with respect to the consequences of the failure of the jurors to agree. The trial court instructed the jury essentially that the purpose of a jury is to have the collective wisdom of the group in considering the guilt or innocence of defendant; that it was anticipated that they would do their best to reach a responsible verdict which reflects the truth; that they would deliberate together, consider the opinions of all, and reach a verdict if they could. The defendant cites no authority for his position that the court was required to give the jury any instruction after sustaining the State's objection to defendant's question, nor does he suggest what, in his opinion, the court should have said, nor did he request any specific instruction. We are of the opinion that the instruction given was adequate.

[3]  Defendant next contends that the trial court erred in failing to allow him to remove certain jurors after defendant's counsel had stated that he was satisfied with the jury, and after the jury had been sworn, but after defendant had shown cause in open court for dissatisfaction with certain jurors. The record shows that after the jury was empanelled, but before any evidence was presented, the defendant attempted to make a state-

ment. When he was allowed to make a statement at a later recess, outside the presence of the jury, the defendant stated that he was not satisfied with the jury since several jurors either knew the solicitor or a witness, or were related to people in the field of law enforcement. The trial judge noted "that the jury selection process on Tuesday took in excess of an hour; And that counsel for the defendant asked numerous questions of all of the jurors and in the Court's opinion consumed an inordinate amount of time attempting to obtain a fair and impartial jury. The Court, having no reason to believe that this jury cannot give the defendant a fair and impartial trial, directs that the trial proceed but further directs that the defendant's remarks be made and preserved as a part of the record."

As pointed out in *Young v. Mica Co.,* 237 N.C. 644, 651, 75 S.E. 2d 795 (1953), citing *S. v. Davis,* 80 N.C. 412 (1879):

> " ' . . . It is well settled by English authorities sanctioned by the uniform practice of centuries and by numerous decisions in this state, that no juror can be challenged by the defendant without consent after he has been sworn, unless it be for some cause which has happened since he was sworn. . . . where the challenge is to the poll, made for good cause, in apt time—that is before the juror is sworn—it is strictly and technically a ground for a *venire de novo;* if made after the juror is sworn the court may in its discretion allow the challenge; but its refusal to do so is no ground for a *venire de novo,* because the prisoner has lost his legal right by not making his objection at the proper time.' "

The question of whether to allow defendant's challenges was a matter entirely within the discretion of the trial judge and defendant has failed to demonstrate an abuse of this discretion. This assignment of error is overruled.

[4]  In his second assignment of error defendant contends that the trial court committed prejudicial error in denying his motion to set aside the verdict as being against the weight of the evidence. He argues that the evidence "fails to prove beyond a reasonable doubt, that the defendant had any knowledge that Clarence George Majors and Charles Williams had been involved in a robbery prior to the time that he started driving them toward Asheville". Defendant also points to the fact that the only evidence tending to show his knowledge of the robbery is circumstantial.

Evidence tendered by the State did more than raise suspicions as to defendant's involvement and possible guilt. This is especially true when the time element involved is considered. In our opinion, there was sufficient evidence to support a guilty verdict and defendant has failed to show abuse of discretion in the trial court's denial of his motion to set aside the verdict as being against the greater weight of the evidence. *State v. Leigh,* 278 N.C. 243, 179 S.E. 2d 708 (1971).

[5]   On cross-examination of defense witness Majors, the District Attorney asked, "How did you split the money up that you got down there?" Defendant's objection was overruled, and the witness answered that the money which he had taken during the robbery was found in the van and that he had not split it with anyone. In his third assignment of error defendant argues this question was improper since it assumed a fact not in evidence. The record discloses that police officer Gadfield of the Hickory Police Department testified that "[o]n Mr. Poole I found in U. S. Currency four $5 bills, one $20 bill, five $10 bills and 19 $1 bills". In our opinion the evidence certainly raises an inference that the money taken had been split between Majors, Williams and the defendant following the robbery. Even if we should concede that the question was improper, the witness's answer that the money he took was by him put in the van, found in the van, and that he had not split it with anyone obviously was sufficient to rid the question of any prejudicial effect insofar as defendant is concerned. This assignment of error is overruled.

Defendant's remaining assignments of error are directed to the charge of the court to the jury. These assignments of error we also find to be without merit.

Defendant received a fair trial free from prejudicial error.

No error.

Judges VAUGHN and CLARK concur.