Daniel, Judge.
 

 The case states that the defendants assembled, in consequence of the summons of the officer to aid him in the execution of a state’s warrant, isssued against the prosecutor, for a forcible trespass. Such an assembly cannot be considered an unlawful assembly. But, wé think, an unlawful assembly is a constituent and a necessary part of the offence of a
 
 riot,
 
 It must precede the unlawful act which consummates the offence of riot. Hawkins accordingly defines a riot to be a tumultuous disturbance of the peace, by three persons or more, assembling together of their own authority, with an intent mutually to assist one another against all who shall oppose them, and afterwards putting the design into execution, in a terrific and violent manner, whether the object in question be lawful or otherwise. An indictment for a riot, always avers that the defendants unlawfully assembled. And this averment must (we think) be proved on the trial, as well as the subsequent riotous acts of the defendants, before they can be convicted of a
 
 riot. Rex
 
 v.
 
 Birt.
 
 5 Carr. & P. 154. Archb. Crim. L. 446, (5 edition.)
 

 The judgment therefore must be set aside, and a new trial awarded, because the defendants have been improperly convicted on the first count in the indictment.
 

 Per Curiam. Judgment reversed.