Nash, C. J.
 

 We do not concur in the opinion of his Honor below. The death of the-slave Harry does not come within any of the exceptions contained in the policy. It is not pretended that his death was occasioned, either from the want of proper medical aid, or by an invasion of the country. An insurrection is, by Mr. Worcester, in his Dictionary, defined to be a seditious rising against the government,' (as in the case of Governor Dorr in Rhode Island); a rebellion ; a revolt. Justice Blackstone, in his 4th volume, 147, says, a riot is where three or more persons actually do an
 
 *128
 
 unlawful act, either with or without a common cause. To this Chittj, in his note, says, “ the intention with which the parties assemble, or at least act, must be unlawful,” and this qualification of Mr. Chitty is recognized by this Court, in the case of State v. Stalcup, 1 Ired. 30.
 

 A commotion is defined, by the lexicographer .above referred to, to be a tumult; and a tumult to be a promiscuous commotion in a multitude; an irregular violence; a wild commotion. A civil commotion, therefore, requires the wild or irregular action of many persons assembled together. There has not been, within .our knowledge, any usurped civil power, .and no military power but that recognized by the constitution. To die by the hands of justice is to die by some judicial sentence for the commission of some felony.
 

 Let us now test this case by the definitions above stated.. The slave Harry was owned by the plaintiff, and was, at the time his death occurred, a runaway. The individual who shot him was one of the regular patrol, who were then engaged in discharging'their proper duty, in their proper district ; and finding the slave there, they endeavored to apprehend him, as it was their duty to .do, and in the attempt made by him to escape he was killed. Here was no seditious rising against the ’government, nor was there any riot. The patrol were there for .a lawful purpose.; there was no tumult, nor any military or usurped power; nor did' Harry die by .any judicial judgment or proceedings. The plaintiff’s case is not within any of ..the exceptions or .conditions o f his policy.
 

 We. cannot adopt the ingenious suggestion of the defend.■ants’ counsel, that the defendants intended to insure against what is-called a natural death, as distinguished from a violent death. It is sufficient to say, such is not the contract.
 

 Judgment reversed, and judgment .here, according to the /■case agreed, for ,the plaintiff, for the sum of $500, with interest from the 1st of .September, 1852.