STATE *v.* HANSON T. HUGHES and others.

On the trial of an indictment for riot, &c., the jury found as a special verdict, "that the defendants and others, assembled in the town of Oxford to celebrate the Emancipation Proclamation, and with two drums and fifes, marched up and down the streets, for two or three hours. Some were mounted, but being told to dismount, they got down and hitched their horses. When told by the Mayor to desist, they at first refused, but being notified by the Constable to stop, the defendant, Hughes, with the procession, beating the drum, went to the Mayor's office to make up a case to be tried before a Magistrate, to test the Mayor's right to forbid the procession. There were no arms in the crowd except sabres used by the officers; no violence in word or deed, was offered to any citizen; some of the citizens were disturbed by the noise of the drums, and some of the persons were drinking; the streets were obstructed from time to time, during the interval, and one horse hitched in a lot broke loose:" *Held,*

1. That this was not an unlawful assembly, and that an unlawful assembly was a necessary element of a riot.

2. Beating the drum and blowing the fife do not *per se* constitute a nuisance; and to make them such, the exceptional facts and circumstances which make acts, otherwise innocent a crime, must be set forth particularly, so that the Court can see that from their very nature, if proved, they are a nuisance to the whole community.

3. If the procession was lawful, and the streets were obstructed no more than is ordinarily the case under such circumstances, the obstruction of the streets is not an indictable offence.

(*State* v. *Baldwin,* 1 Dev. & Bat. 195; *State* v. *Stallcup,* 1 Ired. 30, cited and approved)

INDICTMENT for a RIOT, &c., tried before his Honor, *Judge Henry,* at the Fall Term, 1874, of GRANVILLE Superior Court.

The indictment contained three counts, which, with the special verdict and all other facts, necessary to an understanding of the decision of this court, will be found in the opinion of Justice BYNUM.

Upon the facts as found by the jury, his Honor, on the

trial below, order a verdict of " not guilty," to be entered for the defendants.

From this judgment, Solicitor Harris for the State, appealed.

*Attorney General, Hargrove* and *Venable,* for the State.
*Young,* for defendants.

BYNUM, J.   The indictment contains three counts, to-wit: The first is for a riot ; the second for a common nuisance by the beating of drums and the blowing of fifes, and shouting in the town of Oxford ; and the third count is for obstructing the streets of that town.   The case is here, on appeal by the State from the judgment of the Superior Court on a special verdict. The facts found by the jury are these :   " That the defendants and others assembled in the town of Oxford to celebrate the emancipation proclamation, and with two drums and fifes, marched up and down the streets for two or three hours.   Some were mounted, but being told to dismount they got down and hitched their horses.   When told by the mayor to desist, they at first refused, but being notified by the constable to stop, the defendant Hughes, with the procession, beating the drum, went to the Mayor's to make up a case to be tried before a magistrate, to test the mayor's right to forbid the procession.   There were no arms in the crowd except sabres used by the officers. No violence in word or deed was offered to any citizen.   Some of the citizens were disturbed by the noise of the drums, and some of the persons were drinking.   The streets were obstructed from time to time during the interval, and one horse hitched in a lot, broke loose."

1.   First as to the count for a riot.   This was not an unlawful assembly.   But an unlawful assembly, is a constituent and necessary part of the offence of *riot,* and must precede the unlawful acts which complete the offence.   A riot is defined to be a tumultuous disturbance of the peace, by three or more persons assembling together of their own head, with intent mutually to assist each other against all who shall oppose them,

and afterwards putting the design into execution in a terrific and violent manner. 1. Hawk. ch. 65, s. 4, 5, 8 3 Inst. 176. The indictment for riot always avers that the defendants unlawfully assembled, and this averment must be proved on the trial, as well as the subsequent riotous acts of the defendants. The defendants here, cannot be convicted of a riot, because the verdict finds facts from which the Court can see that the assembly was not unlawful, and because no violence in word or act, was done or offered, and because the defendants, so far from defying the law, when their rights were questioned, proceeded to test them by the peaceable means of the courts. *State v. Baldwin,* 1 D. & B. 165. *State* v. *Stalcup* 1 Ired. 30.

2. The next count is for beating the drum, blowing the fife and loud noises, creating a nuisance thereby. Beating the drum and blowing the fife, do not *per se,* constitute a nuisance. The verdict finds that *some* of the citizens were disturbed by the noise of the drums. What number were disturbed, or how they were disturbed by these martial sounds, is not stated, nor is it on the other hand, found how many were not so affected. Doubtless the younger and larger portion of that community, were not "disturbed" in the sense of injury or suffering, and from the nature of music in general, we must assume that the sound of drum and fife had an exceptional effect upon the few who were disturbed, as it did upon one horse that "broke loose." To render an act indictable as a nuisance, it is not sufficient that it should annoy particular persons only, but it must be so inconvenient and troublesome as to annoy the whole community. *State v. Baldwin* 1 *D. & B.* 197. To beat a drum is not a nuisance, to blow a fife is not, neither is a procession through the streets, with these accompaniments, a crime. To constitute them such, the exceptional facts and circumstances which make acts, otherwise innocent, a crime, must be set forth particularly, so that the Court can see that from their very nature, if proved, they are a nuisance to the whole community.

3. The last count is for obstructing the public streets of the

town. If the procession was lawful, and the obstruction such only as is usually incident to such assemblies, then the obstruction was not an indictable offence. Were the streets so blocked up as to hinder or prevent travel or business? Were they obstructed longer than the occasion called for? Was it accidental or done on purpose, and with a criminal intent? Upon these ingredients of crime, the finding of the jury is silent and wholly lacking in that certainty and precision, which are necessary to enable the Court to see certainly, that an indictable offence has been committed.

In a popular government like ours, the laws allow great latitude to public demonstrations, whether political, social or moral, and it requires but little reflection to foresee, that if such acts as are here found by the jury, are to be construed to be indictable, that the doctrine of riots and common nuisances, would be extended far beyond the limits heretofore circumscribing them, and would put an end to all public celebrations, however innocent or commendable the purpose. No error.

PER CURIAM.                    Judgment affirmed.