### THE STATE v. BETTIE WILSON.

*Embezzlement—Larceny—Master and Servant—Indictment.*

1. In an indictment for embezzlement, under § 1014 of *The Code,* it is not necessary to aver, nor on the trial to prove, that the property charged to have been embezzled had been committed to the custody of the defendant, nor any breach of trust or confidence save that which grows out of the relation of the owner and the servant or agent.

2. But in an indictment under § 1065, it is necessary to allege that the property was received and held by the defendant in trust, or for the use of the owner, and being so held it was feloniously converted or made way with by the servant or agent.

3. The averment that the defendant was not within the age of 18 years is a sufficient negative that he was under 16 years of age.

INDICTMENT for embezzlement, tried at May Term, 1888, of ROWAN Superior Court, before *Montgomery, J.*

The defendant is charged with the offence of embezzlement in the form following:

"NORTH CAROLINA, ⎱ Superior Court,
ROWAN COUNTY. ⎰ November Term, 1887.

The jurors for the State, upon their oath, present: That Bettie Wilson, late of the county of Rowan, on the 1st day of September, in the year of our Lord one thousand eight hundred and eighty-seven, with force and arms, at and in the county aforesaid, being then and there the agent and servant of one Ross Turner, and whilst acting in the service of the said Ross Turner as his servant and agent, and against the will of the said Ross Turner, did then and there, unlawfully, wilfully and feloniously embezzle and convert to her own use, with intent to steal the same, and defraud her said master of the same, contrary to the trust and confidence reposed in her by her said master, a large sum of money of her said master, Ross Turner, to-wit: the sum of twenty dollars in money, she, the said Bettie Wilson, not being then and there an apprentice or servant within the age of eighteen years, against the form of the statute in such cases made and provided and against the peace and dignity of the State."

Upon her arraignment and plea of not guilty she was tried and convicted before the jury. Thereupon her counsel moved in arrest of judgment, for what supposed defect in the record does not appear, and, the motion being allowed, the Solicitor for the State appealed.

*The Attorney General,* for the State.
No counsel for the defendant.

SMITH, C. J. (after stating the case.) We have not, had any argument in support of the ruling, but the Attorney General calls our attention to two sections, numbered 1014 and 1065, in *The Code,* as bearing upon the imputed offence.

The first mentioned section is in these words: " If any officer, agent, clerk, employee or servant of any corporation, person or copartnership (except apprentices and other persons under the age of sixteen years), shall embezzle or fraudulently convert to his own use, or shall take, make way with or secrete, with intent to embezzle or fraudulently convert to his own use, any money, goods or other chattels, bank notes, check, order for the payment of money, issued by or drawn on any bank or other corporation, or any treasury warrant, treasury note, bond or obligation for the payment of money issued by the United States or by any State, or any valuable security whatsoever, belonging to any other person or corporation, which shall have come into his possession or under his care, he shall be guilty of a felony, and punished as in cases of larceny."

The purpose and effect of this enactment are to protect property from the depredations of those whose occupations and relations to the employers furnish facilities and temptations to the taking of property thus exposed, and to place the criminal act upon the footing of larceny, to which it is closely allied, by reason that the intent is common to both. No goods are intrusted to the special custody of the person except through the misplaced confidence which grows out of the relation itself. Hence the crime cannot be committed by one not arrived at sixteen years of age.

The other enactment, less severe in terms, is as follows: " If any servant or employee to whom any money, goods or other chattels, or any of the articles mentioned in the preceding section (1064) by his master shall be delivered safely to be kept to the use of his master, shall withdraw himself from his master, and go away with the said money, goods or other chattels, or any of the articles, securities or choses in action, mentioned as aforesaid, or any part thereof, with intent to steal the same and defraud his master thereof, *contrary to the trust* and confidence in him reposed by said mas-

ter; or if any servant, being in the service of his master, without the assent of his master, shall embezzle such money, goods or other chattels, or any of the articles, securities or choses in action mentioned as aforesaid, or any part thereof, or otherwise convert the same to his own use, with like purpose to steal them, or defraud his master thereof, the servant so offending shall be fined or imprisoned in the penitentiary or county jail, not less than four months nor more than ten years, at the discretion of the Court: *Provided,* that nothing in this section contained shall extend to apprentices or servants within the age of eighteen years."

This enactment has for its object the punishment of breaches of trust committed by those into whose custody the property, has passed, when accompanied with an intent to steal and thereby defraud the owner, when the servant or employee makes way with the goods and himself, or when such goods are in his custody and charge he shall embezzle them or in some other way appropriate them to his own use with the like purpose to steal and defraud. This has reference, primarily, to cases where the taking is lawful and the *animus furandi* enters into the disposition made of them. The indictment is evidently framed upon this latter section, whose phraseology is so largely followed in defining the criminal act, and this is the more manifest in the adoption in very words of its proviso.

The indictment does not, however, set out any facts constituting a trust in the delivery of the money, but, for aught appearing to the contrary, alleges a larceny of money which had gone into the defendant's possession, except that it omits to charge a felonious taking by a servant.

The general scope and aim of the statute will bear a somewhat strained interpretation, if construed to embrace the facts charged in the indictment, and we are not prepared to give it so large a meaning. However this may be, the case is within the terms of the first recited section, which requires, to consummate the crime, no breach of trust or abused con-

fidence in placing the money in the defendant's hands other than such as results from the relation of master and servant, and which affords unusual opportunities for the perpetration of the crime.

The averment that the defendant, when committing the act, was not *within*—that is, was of the age of eighteen years or more, and thus negatives that she was under sixteen years of age—does not invalidate the indictment, although the negative goes beyond the statutory requirement, for the greater includes the less.

There is error, and the judgment is reversed, and the Court will proceed to judgment upon the verdict.

Error.