JOSEPH GREGG et al v. J. P. MALLETT et al.

*Depositions—Evidence—Witness—Set-off—Pleading — Trial—*
*Possession, when Evidence of Title.*

1. A commissioner appointed to take depositions will be presumed to be properly qualified until the contrary is shown.

2. It is now well settled that other corroborative acts and declarations of a witness may be introduced in support of his testimony, even in anticipation of an attack upon it.

3. Where the issue was whether the person making a particular sale was acting as broker for another, or for himself, testimony that it was generally understood in the community that he was dealing on his own account and not as broker, was incompetent, as hearsay evidence.

4. An answer having alleged a set-off, the replication thereto alleged that such answer is " untrue and denied " and reiterated the cause of action stated in the complaint: *Held*, sufficient to put the plea of set-off in issue and require evidence in its support.

5. The possession of an open account in favor of another is not evidence of the ownership thereof in the holder.

6. Where there is a direct conflict between the witnesses of each side as to a material fact, it is not error to instruct the jury that if they believed the witnesses for the plaintiff they should find for him, but if, on the other hand, they believed the defendant's witnesses, they should find for him.

CIVIL ACTION, tried on appeal from the judgment of a Justice of the Peace, at Spring Term, 1892, of the Superior Court of EDGECOMBE County, *Brown, J.*, presiding.

The plaintiffs sued for the non-payment of $115.45, and interest on the same from August 20, 1890, due on account for corn sold by them to the defendants.

The defendants, answering the complaint, say:

" 1. That they deny that they owe plaintiffs anything.

For a second defense, they admit they purchased corn of one E. V. Murphy of the value of $176.45, but they deny

that Murphy was acting in this transaction as agent for the plaintiffs.

2. That they expressly allege that Murphy had the corn in his possession, and sold it to them in his own name on thirty days time; that the purchase was made by them because Murphy was indebted to them in a large amount, to-wit, $102.30, which amount they applied as a set-off to the amount due Murphy for corn.

3. That afterwards, and before the claim was due for said corn, Murphy applied to them in his own name for money on said account, and discounted a part of said amount due him for said corn, to-wit, $61.

4. That the balance due said Murphy, that is to say, $13 15, they tendered him before this suit was brought, but he refused to accept it; that they have, at all times, been willing, ready and able to pay said balance when said Murphy, or anyone he should authorize them to pay, would accept the same."

The plaintiffs filed the following replication:

"1. That allegation one of said answer is untrue and denied, and that the defendants are indebted to them for the corn sold to the value of $176.45, to be due August 20, 1890; that on August 7, in the course of the delivery of said corn, the defendants paid on account of said indebtedness the sum of $61, leaving a balance due and unpaid of $115.45, with interest from August 20, 1890, which still remains due and unpaid, notwithstanding payment of the same has been repeatedly demanded.

2. That the allegation and understanding of the defendants, as set out—the "second defense" of said answer—is untrue and denied.

3. That the claim of $102.30 mentioned in said answer, or any claim or demand of defendants against "one E. V. Murphy," if any they have, is barred by the statute of limitations, the right of action on the same having accrued more

than three years ago, and the statute of limitations is hereby plead in bar to said claim or claims.

The other facts necessary to an understanding of the questions presented by the appeal are stated in the opinion.

There was judgment for the plaintiffs, from which defendants appealed.

*Mr. J. L. Bridgers,* for plaintiffs.
*Mr. G. M. T. Fountain* (by brief), for defendants.

MACRAE, J.: The defendants excepted to the admission in evidence of the deposition of Joseph Gregg, because " it does not appear that Philip A. Hoyne, the commissioner who certified the same, is of kin to neither party in the action." The contention of defendants is, that while objections as to insufficiency of notice, and the like, must be supported by evidence on the part of the party objecting, yet that it should appear either in the commission or in the return of the commissioner, or in some application for the issuing of the commission, that the commissioner is of kin to neither party to the action; that, as by section 1357 of *The Code* this disqualification is plainly fixed, it should appear in the proceeding that the commissioner was not qualified to act as such. But, by the general rules of evidence, certain presumptions are continually made in favor of the regularity of proceedings and the validity of acts. It presumes that every man in his private and official character does his duty, until the contrary is proved; it will presume that all things are rightly done, unless the circumstances of the case overturn this presumption. Thus it will presume that a man acting in a public office has been rightly appointed; that entries found in public books have been made by the proper officer, and like instances abound of these presumptions. *Bank* v. *Dandridge,* 12 Wheat., 64.

In the present case the commissioner to take depositions having been appointed by the Court, is presumed to be duly qualified to execute his commission, until the contrary is shown.

The defendants objected to a large portion of the deposition as irrelevant and incompetent, as it related to transactions and communications between the plaintiffs and one E. V. Murphy, who is not a party to the action.

The action was brought by plaintiffs to recover the alleged balance due them from defendants upon a sale of corn; the defense set up was that the defendants bought the corn of E. V. Murphy as his own, and without knowledge or notice that said Murphy was not the principal in the sale to them; and that the purchase was made by them to secure a debt owing them by said Murphy. The testimony of Murphy in behalf of the plaintiffs was that he was acting as broker for plaintiffs, and that, while the name of his principal was not disclosed, the sale was made by him as a broker and not upon his own account, and that this fact was made known to defendants before the sale. The testimony objected to was competent in corroboration of Murphy, and the presiding Judge instructed the jury to that effect when the objection was made. That portion of the deposition referring to transactions with Lewis was ruled out.

There was a direct conflict of testimony between the witnesses Murphy for the plaintiffs and Lewis for defendants. It was entirely competent for plaintiffs to sustain and strengthen the testimony of Murphy, even in anticipation of the testimony to be offered by defendants; and whatever restrictions and modifications may be recognized elsewhere, there is no room for further contention in the Courts of this State as to the competency of such testimony or corroboration. *Roberts* v. *Roberts*, 82 N. C., 29. It was not necessary, in the absence of a special request to that effect, for the presiding Judge to

repeat the instruction which he had already given to the jury when the testimony was admitted after objection.

The defendants proposed to prove by their witness, Lewis, that at the time of this transaction, in July, 1890, it was generally understood in this community that Murphy was selling corn on his own account, and not as broker. This was properly ruled out by his Honor upon objection by plaintiff.

The matter at issue was the character of the sale by Murphy to defendants; the conflict between Murphy and Lewis was clear-cut; that proposed to be given as above stated in corroboration of Lewis, was simply hearsay, and by all the rules of evidence was inadmissible—it comes under none of the exceptions to the general rule against hearsay evidence.

The defendants excepted to the charge of his Honor that there was no evidence of defendant's set-off, and they earnestly insist that, as the set-off was alleged in the answer, and not denied by a reply, that it should be taken as admitted, and they rely upon sections 268 and 248 of *The Code* in support of their contention.

The reply filed by plaintiffs, while not carefully drawn, cannot be construed otherwise than as a general and specific denial of the set-off or claim set up in the answer, and in addition thereto a plea of the statute of limitations.

Was there any evidence to establish the set-off which should have been submitted to the jury? There was no evidence of any authority on the part of Mr. Fountain to assign the account of J. B. Jeffries & Co. to defendants. The possession of an open account in favor of another has never been held to be evidence of ownership in the holder. The "decisions referred to are based upon the principles of commercial law that govern and regulate the transfer of *negotiable* securities in the interests of trade, and to facilitate and render safe, dealings in such paper." They have no application to open accounts, and the diligent counsel for defendants frankly admits he can find no authority for his contention

The defendants except to the charge to the jury that if they believed the evidence of Murphy, they would find for the plaintiffs. There were but two witnesses for the plaintiffs. The witness Murphy, in his testimony, set out fully the claim of the plaintiffs, and the deposition of Gregg, as we have seen, was offered solely in corroboration of Murphy. There were two witnesses for defendants, and there was direct conflict between the testimony on each side. The presiding Judge had just told the jury that if they believed the witnesses for the defendants, the plaintiffs cannot recover, and they should answer the first issue, "Nothing." It was but the counterpart to this instruction to charge that if, on the other hand, they believed the plaintiffs' witness, they should find for the plaintiffs, and we cannot see that undue prominence was given in this case to the testimony of one witness, as was said to be the case in *Long* v. *Hall*, 97 N. C., 286.

There is one other exception on the part of defendants. After the evidence closed, a dispute arose between counsel as to what Murphy testified in respect to the debt alleged to be due by him to defendants. The Court recalled Murphy and told him to repeat his testimony on that point, which he did. The defendants then asked to be allowed to introduce other evidence in order to show that Murphy owes them the debt, and that it belongs to them. The presiding Judge refused to open the case for any purpose, and defendants excepted.

There must necessarily rest somewhere the power to regulate the conduct of proceedings in the trials of causes. Formerly, the whole matter was left in the sound discretion of the presiding Judge. The Legislature has seen fit to distribute this power, giving now to counsel the discretion with regard to the length of time in addressing the Court and jury; but all the responsibility, with this one exception, is still upon the Judge. The dispatch of the public business

within a limited time, and the prompt and dignified administration of justice, require that it should so remain.

Having disposed of all the exceptions, we find no error.

Judgment affirmed.