STATE v. WILLIAM McKINNEY.

*Homicide—Evidence—Charge—Exception—Prayer for Instruction.*

1. In an indictment for homicide, where it appeared that a pistol was loaned to the prisoner, it was not competent for him to show that he could not hear of anyone having loaned him a pistol.

2. The State was properly allowed to corroborate its witnesses by showing that he made the same statement soon after the the trial.

3. The Court is not bound to charge upon an aspect of the case not presented in the evidence.

4. This Court will not consider objections to the Judge's charge unless upon exception properly made and set out in the case on appeal.

5. A failure to charge on a particular aspect of the evidence is not error unless there was a request.

This was an INDICTMENT for murder, tried at the May Term, 1892, of ROBESON Superior Court, before *Boykin, J.*

The defendant offered to prove by a witness that he had made diligent inquiry of persons at the place of shooting and could find no one who had loaned him a pistol. Excluded. Defendant excepted.

The State was allowed, after exception, to corroborate two witnesses by showing the statements they made shortly after the homicide, and the other facts appear in the opinion.

*The Attorney General*, for the State.

*Messrs. William Black* and *T. A. McNeill*, for defendant.

CLARK, J.: The first exception is without merit. The excluded evidence was neither competent nor relevant. It might be called, possibly, "negative hearsay," for lack of a better word—that is, the offer was to show that the prisoner could find no hearsay evidence that anyone had loaned the prisoner a pistol. It would not have been competent to show that there was or was not such a report. It was competent for the State to show that a pistol was loaned the prisoner by a certain person just before the homicide, as it did, and it was competent for the prisoner to negative that fact, but not to show that he could not hear of anyone having loaned him a pistol. Besides, the prisoner admitted in his own testimony that he had a pistol on that occcasion.

The second exception is that the State was allowed to corroborate two of its witnesses by showing that soon after the homicide they made the same statement of the occurrence as they had testified to in the trial. This has often been held competent. *Roberts* v. *Roberts*, 82 N. C., 29; *Gregg* v. *Mallett*, at this term.

Nor, after a most careful examination of the testimony, is there any ground to support the exception to the charge. The testimony for the State, if believed, proved the prisoner guilty of murder. The testimony for the prisoner made a clear case of self-defence. There was no part of the testimony on either side which tended to show manslaughter. The charge of the Court that "there was no element of manslaughter in the case; that the defendant was guilty of murder or not guilty of anything at all, as the jury should find the facts," was strictly in accordance with the testimony and numerous precedents. *State* v. *Byers*, 100 N. C., 512; *State* v. *Cox*, 110 N. C., 503; *State* v. *Jones*, 93 N. C., 611.

The counsel for the prisoner argued in this Court that the charge was objectionable because the Judge did not charge the jury as to the difference between corroborative and substantive testimony. The contention cannot be considered

for several reasons. There is no exception to the charge on that ground, so that the Judge might have set out his charge fully and accurately on that point. An exception to the charge need not be made at the trial (unlike exceptions to all other matters occurring then), but there is ten days in which counsel may consider and enter his exceptions. If not set out in his case tendered on appeal, they cannot be made here. *Lowe* v. *Elliott*, 107 N. C., 718; *Pollock* v. *Warwick*, 104 N. C., 638; *Taylor* v. *Plummer*, 105 N. C., 56; *Smith* v. *Smith*, 108 N. C., 365. Besides, it does not appear that in fact the Judge did not charge on the point. And lastly, an omission to charge on a particular aspect of the case is not error unless there was an instruction asked. See the numerous cases cited in Clark's Code (2d. Ed.), p. 382.

Upon an examination of the entire record and case on appeal we find no error.

PER CURIAM. No Error.