STATE v. DESMO WYNNE, BRYANT MORAN, E. C. BROWN, AND
MARY HANSON.

(Filed 9 October, 1957.)

**1. Riot § 2—**

Evidence that a riot took place when a multitude gathered to prevent police officers from arresting one of defendants and that each of defendants were involved in the riot, *held* sufficient.

**2. Same: Criminal Law § 107—**

Where the law requires the participation of more than one person in order to make their acts criminal, the required number must be found among those described in the bill, and therefore where the indictment charges named persons with participation in a riot without enlarging the number by adding the words "and others," an instruction that each defendant would be guilty if the jury found beyond a reasonable doubt that he together with two or more other persons participated in the offense, must be held for error as permitting the jury to go outside the indictment to find the required number.

APPEAL by Desmo Wynne, Bryant Moran, and E. C. Brown from *Bone, J.,* June, 1957 Term, MARTIN Superior Court.

Criminal prosecution upon bill of indictment in which the three appellants and Mary Hanson were charged with having engaged in a riot in the town of Williamston. Mary Hanson entered a plea of guilty. The three appellants entered pleas of not guilty.

The State's evidence tended to show that five officers went to the home of Mary Hanson about eight o'clock at night on 3 May, 1957, to execute a search warrant for whisky. Mary was seen to pour a quart of whisky out of a coffeepot and the officers sought to place her under arrest. She resisted, fought the officers, and called for help. While the officers were subduing her and placing her in the police car, a crowd estimated at 50 to 100 gathered. Someone in the crowd shouted: "Get them, don't let them get away with it." An officer testified: "We left there with bottles hitting the automobile. Mr. Wiggins (one of the officers) got hit on the leg. The car got hit. The windshield was broken." . . . "Bottles were being thrown and a part of a stump and a rock. E. C. Brown was trying to get someone to keep us from taking her (Mary Hanson) away. He asked the crowd were they going to let us bring her away." The officers' car was so damaged as to require repainting.

STATE *v.* WYNNE.

The evidence for the State did not place either the appellant Wynne or the appellant Moran at Mary's house or in the crowd there. However, fifteen or twenty persons appeared at the courthouse where the officers had Mary in custody. Wynne and Moran were the leaders, doing most of the loud talking. "They were the ones out front. Wynne had a pop bottle and an open knife in his pocket."

Sheriff Rawls testified: "After we broke this up here (at the courthouse) we went back up (Hanson's house) and disbursed a crowd at the place they had gathered. E. C. Brown was at that place. I went through the crowd and talked to people I knew, asked them to break up and go home, and they did." There was testimony that the disturbance delayed the officers for about one-half hour in placing Mary Hanson in custody and that the whole disturbance continued for approximately one hour.

At the close of the State's evidence the defendants' motion for nonsuit was denied and they excepted. They then introduced evidence which, for the purpose of the motion, need not be repeated here. The court again denied the motion to nonsuit, to which the defendants excepted. They were convicted by the jury, and from the judgment imposed, they prosecuted this appeal.

*George B. Patton, Attorney General*
*Harry W. McGalliard, Asst. Attorney General, for the State.*
*Robert D. Glass for defendants, appellants.*

HIGGINS, J. The evidence was sufficient to permit the finding that a riot took place, and that the defendants were involved. *S. v. Hoffman,* 199 N.C. 328, 154 S.E. 314; *S. v. Davenport,* 156 N.C. 596, 72 S.E. 7; *S. v. Hughes,* 72 N.C. 25; S. v. Stalcup, 23 N.C. 30; 77 C.J.S. 426, sec. 5; 46 Am. Jur. 130, sec. 10.

The appellant Desmo Wynne's exception No. 5 challenges the following part of the court's charge: "If you find from the evidence in this case and beyond a reasonable doubt that Desmo Wynne assembled together with two or more other persons of his own authority and they all had an intent mutually to assist each other in taking Mary Hanson from the officers or preventing the officers from completing her arrest and placing her in jail, and after so assembling with the intent aforesaid they put their design into execution in a terrific and violent manner by throwing bottles or by other acts of overt violence, then you should return a verdict of guilty as to the defendant Desmo Wynne."

Moran took exception No. 6 to a similar charge as to him, and Brown took exception No. 7 to a like charge as to him. The three exceptions are brought forward and discussed under assignments of error Nos. 2, 3, 4, and 7. The assignments leave something to be desired in pin-

pointing the error. However, enough appears to present appellants' challenge to the court's instructions to the jury.

The bill of indictment charged that the three appellants and Mary Hanson committed the offense. Therefore, in order to convict any defendant, it was necessary for the State to prove that he participated with at least two of the three others charged. Nevertheless, the court instructed the jury it might convict any defendant if it be found he participated with *two or more other persons.* To have justified this instruction the indictment should have charged the named defendants *and others* committed the acts constituting the offense. When the law requires the participation of more than one person in order to make their acts criminal, the required number must be found among those described in the bill as participants. However, participants may be designated by name and the number enlarged by adding the words, "and others." *S. v. Raper,* 204 N.C. 503, 168 S.E. 831; *S. v. Smith,* 237 N.C. 1, 74 S.E. 2d 291; *S. v. Abernethy,* 220 N.C. 226, 17 S.E. 2d 25. The court's instructions permitted the jury to go outside the indictment to find the required number.

It is impossible to tell whether the jury found each appellant engaged in a riotous assembly with as many as two of the other three named or whether he so engaged with any two or more of the assembled multitude. The charge permitted the jury to do either. For this error, the defendants are entitled to a

New trial.