STATE v. DOUGLAS ROSE, CHARLIE C. HARRIS, J. M. MOREFIELD, DORSEY EATMAN, WAYNE VICK, CLINT (BLACK BOY) ROBERSON AND LUTHER LASSITER.

(Filed 25 November, 1959.)

**1. Criminal Law § 16—**

Where the recorder's court of a county having concurrent jurisdiction with the Superior Court of misdemeanors issues its warrant charging defendant with certain misdemeanors, but a *nolle prosequi* is entered in the recorder's court prior to plea, that court loses jurisdiction and the State may proceed upon an indictment found in the Superior Court subsequent to the date of the entry of the *nolle prosequi* and defendant's motion in the Superior Court to remand to the recorder's court is properly denied.

**2. Riot § 2—**

An indictment charging that defendants did unlawfully assemble on a public street, bearing weapons, with the mutual intent to aid and assist each other against lawful authority and others who opposed them, etc. sufficiently charges an unlawful assembly constituting an essential of the offense of riot.

**3. Criminal Law § 84—**

The affidavits of officers testifying for the State are competent for the purpose of corroborating the testimony of the officers, and the action of the court in admitting such affidavits for the restricted purpose of corroboration if the jury should find that the affidavits did in fact corroborate the witnesses cannot be held for error.

**4. Criminal Law § 159—**

An assignment of error not brought forward and argued in the brief is deemed abandoned. Rule 28, Rules of Practice in the Supreme Court.

HIGGINS, J., not sitting.

APPEAL by defendants Douglas Rose and Dorsey Eatman from *Mallard, J.*, May 4, 1959, Special Criminal Term, of VANCE.

This is a criminal action tried upon a bill of indictment charging the defendants with engaging in a riot.

The indictment charges that Douglas Rose, Charlie C. Harris, J. M. Morefield, Dorsey Eatman, Wayne Vick, Clint Roberson, and Luther Lassiter, of the County of Vance, on 16 March 1959, with force and arms, at and in the County aforesaid, "unlawfully, wilfully, violently, riotously, tumultously, together with a large crowd numbering fifty or more persons, did assemble, gather together upon a public street, bearing weapons consisting of bricks, stones, clubs and missiles, making loud noises and with loud voices to the terror of the good citizens residing, and being so assembled, did then and there, with the mutual intent to aid and assist each other and others assembled against law-

ful authority and those who opposed them, did then and there violently throw and hurl such weapons as rocks, bricks and missiles at persons and automobiles, lawfully traveling upon the public street, violently striking the same breaking therefrom glasses and inflicting other damage thereto which continued for a period of 15 minutes or more and did thereby unlawfully engage in riot against the form of the statute in such cases made and provided and against the peace and dignity of the State."

Before pleading to the bill of indictment, the defendants moved the court to remand the cause to Vance County Recorder's Court for trial. The defendants were charged in warrants in the Recorder's Court for the same crime charged in the bill of indictment. However, the State took a *nol pros* in the Recorder's Court in each case prior to the return of the bill of indictment by the Grand Jury in the Superior Court of Vance County.

Before empaneling the jury, each of the defendants entered a plea of not guilty to the crime charged in the bill of indictment.

After the selection of the jury and before the presentation of any evidence, defendants J. M. Morefield, Wayne Vick, and Luther Lassiter, through their counsel, each moved the court that they be permitted to withdraw their plea of not guilty and to enter a plea of *nolo contendere* to the crime charged in the bill of indictment, which pleas were accepted by the State and judgments pronounced pursuant thereto.

At the close of the State's evidence the defendant Clint Roberson, through his counsel, requested the court to permit him to withdraw his plea of not guilty and to enter a plea of *nolo contendere* to the crime charged in the bill of indictment, which plea was accepted by the State and judgment imposed thereon.

Upon the evidence adduced in the trial below, the jury returned a verdict of guilty as charged against Douglas Rose and Dorsey Eatman, and a verdict of not guilty as to Charlie C. Harris.

From the judgments imposed, the defendants Rose and Eatman appeal, assigning error.

*Attorney General Seawell, Assistant Attorney General Bruton for the State.*

*W. M. Nicholson, James B. Ledford, James J. Randleman, and L. Glen Ledford for defendants.*

DENNY, J.  The first assignment of error is based on the refusal of the court below to remand to Vance County Recorder's Court for

trial. This same question was presented in the case of *S. v. Clayton*, decided this day, *ante*, 261. On authority of the opinion in that case, this assignment of error is overruled.

The appellants filed in this Court, before the case was argued, a motion in arrest of judgment on the ground that the indictment does not charge an unlawful assembly, which is a constituent and necessary part of the offense of riot, citing *S. v. Cole*, 249 N.C. 733, 107 S.E. 2d 732; *S. v. Hoffman*, 199 N.C. 328, 154 S.E. 314; *S. v. Hughes*, 72 N.C. 25; *S. v. Stalcup*, 23 N.C. 30.

There is but one crime charged in the bill of indictment in this case and it clearly charges that these defendants "unlawfully * * * together with a large crowd numbering fifty or more persons, did assemble * * * upon a public street, bearing weapons consisting of bricks, stones, clubs and missles * * * with the mutual intent to aid and assist each other and others assembled against lawful authority and those who opposed them, did then and there violently throw and hurl such weapons as rocks, bricks and missiles at persons and automobiles, lawfully traveling upon the public street, violently striking the same breaking therefrom glasses and inflicting other damage thereto which continued for 15 minutes or more and did thereby unlawfully engage in riot against the form of the statute in such cases made and provided * * *."

In *S. v. Stalcup, supra*, an unlawful assembly was charged, but there was no charge that the parties assembled for the purpose of doing a lawful act in an unlawful manner or of doing an unlawful act. However, the authorities hold an unlawful assembly may be created deliberately or by chance. In any event, the unlawful assembly must precede the conduct which constitutes participation in a riot. In considering what constitutes a riot or civil commotion, this Court, in *Spruill v. Insurance Co.*, 46 N.C. 126, said: "A riot is where three or more persons actually do an unlawful act, either with or without a common cause. To this, Chitty, in his note, says, 'The intention with which the parties assemble, or, at least, act, must be unlawful,' and this qualification of Mr. Chitty is recognized by this Court in the case of *S. v. Stalcup*, 23 N.C. 30."

In the instant case, the bill of indictment not only charges that the assembly was unlawful but that the defendants and others gathered upon a public street, bearing weapons, with the mutual intent to aid and assist each other against lawful authority and others who opposed them, etc. *S. v. Cole, supra*. The motion in arrest of judgment is denied.

Assignment of error No. 2 is based on exception No. 2, to the ad-

mission of the affidavit of F. P. Barnhart, made on 17 March 1958 and on exception No. 7, to the admission in evidence of a similar affidavit made by W. C. Blalock on 18 March 1958.

Both Barnhart and Blalock were Highway Patrolmen and were on duty at the Harriet Cotton Mill in Henderson, North Carolina, at the time of the riot charged in the bill of indictment. They both testified as witnesses for the State in the trial below. While the respective defendants were on the witness stand, each was questioned about his former affidavit. The respective affidavits were identified and admitted in evidence, at which time the court charged the jury as follows: "Members of the jury, the affidavit is offered and received for the sole purpose of corroborating the witness if you find it does corroborate him, and for no other purpose you being the sole judge of what the testimony of the witness is. It is not substantive evidence and will not be considered by you as such."

After the affidavits were admitted, the defendants' counsel crossexamined each of these witnesses with respect to the contents of his affidavit.

It has been held repeatedly that it is competent to corroborate a witness by showing that he had previously made the same statement as to the incident or transaction as that given by him in his testimony at the time. *S. v. Brown,* 249 N.C. 271, 106 S.E. 2d 232; *Gibson v. Whitton,* 239 N.C. 11, 79 S.E. 2d 196; *S. v. Rogers,* 233 N.C. 390, 64 S.E. 2d 572; *S. v. Litteral,* 227 N.C. 527, 43 S.E. 2d 84; *S. v. Maultsby,* 130 N.C. 664, 41 S.E. 97; *Burnett v. Railroad,* 120 N.C. 517, 26 S.E. 819; *Gregg v. Mallett,* 111 N.C. 74, 15 S.E. 936; *S. v. McKinney,* 111 N.C. 683, 16 S.E. 235.

In *S. v. Litteral, supra,* it is said: "The prosecutrix also made a statement to the officers which was reduced to writing and signed by her. Although she, while on the stand, did not refer to this writing, there was other evidence tending to identify it as her written statement. The court admitted it as corroboratory testimony and was careful to instruct the jury fully as to the nature of the testimony and the manner in which it should be considered. It was competent for the purpose for which it was offered and was properly admitted."

Likewise, in *Gibson v. Whitton, supra,* we said: "The application of the rules regulating the reception and exclusion of corroborative testimony * * * so as to keep its scope and volume within reasonable bounds, is necessarily a matter which rests in large measure in the discretion of the trial court."

The affidavits to which the appellants object were competent as corroborative of the testimony of the witnesses testifying at the trial

insofar as they did so corroborate such testimony and they were so limited by the trial judge. The affidavits were admissible for the purpose for which they were admitted, and this assignment of error is overruled.

The appellants have failed to bring forward and argue their remaining assignments of error. Hence they are deemed abandoned. Rule 28, Rules of Practice in the Supreme Court, 221 N.C. at page 562, *et seq.*

In the trial below we find

No error.

HIGGINS, J., not sitting.