### STATE v. CHARLES JAMES HAUSER.

(Filed 9 May 1962.)

**1. Criminal Law § 101;   Larceny § 7—**

Defendant's confession that he had stolen the goods in question, corroborated by the finding of the goods, identified as having been stolen, in the trunk of his car, *is held* sufficient to withstand motion to nonsuit.

**2. Criminal Law § 79;   Searches and Seizures § 1—**

Where a defendant consents to the search of the trunk of his car and

STATE *v.* HAUSER.

there is no evidence of coercion or duress, the articles found as the result of the search are competent in evidence notwithstanding that at the time defendant gave his consent to the search he was under arrest.

**3. Criminal Law § 156—**
    An exception to the charge must specifically point out the portion of the charge challenged.

APPEAL by defendant from *Johnston, J.,* January 8, 1962 Term of GUILFORD.

This is a criminal action in which defendant was tried on an indictment charging the theft of goods, of the value of $378.97, from defendant's employer, Justice Drug Company, in violation of G.S. 14-74. The jury returned a verdict of guilty. From judgment imposing an active prison sentence, defendant appeals.

*Attorney General Bruton and Assistant Attorneys General McGalliard and Jones for the State.*
*J. Kenneth Lee for defendant.*

PER CURIAM. Defendant did not testify, and offered no evidence.

The evidence for the State tends to show: Defendant, at the time of his arrest, was an employee of Justice Drug Company, wholesale druggists. He was a section chief, and was in charge of one of the ten sections in the store. It was his duty to stock the shelves from the warehouse, and fill orders for goods from his section. He had been employed by Justice Drug fourteen years. On 8 October 1961 he was stopped by a police officer for speeding and failing to observe a stop sign. When he refused to give information necessary for filling out a citation, the officer placed him under arrest and impounded his car. The officer's suspicions were aroused by defendant's explanations as to certain articles found in the car. The officer asked for the key to the trunk of the car so he could search it; defendant said his wife had the key. When defendant removed the articles from his pockets at the police station, preparatory to being committed, he took a set of keys from his pocket and admitted it contained the trunk key. The officer asked if he might search the trunk and defendant agreed. Defendant was permitted to call his wife, who did not answer; he then called and talked to a friend. He was again asked if the officer might search the trunk of the car, and he again consented. In the trunk the officer found two large boxes containing patent medicine and other merchandise. City detectives showed defendant the contents of the boxes, and he admitted having taken a portion of them from Justice Drug. At the request of the detectives he picked out and separated from the

others the articles he had taken from Justice Drug. According to his estimate they had a value of $324.84. He later admitted the theft of the articles to an official of Justice Drug, and explained how and why he had stolen them. The goods pointed out by defendant were of the type and make sold by Justice Drug Company.

The evidence is sufficient to withstand defendant's motion for nonsuit. *State v. Wilson,* 101 N.C. 730, 7 S.E. 872. Defendant's extrajudicial confession is corroborated by independent evidence as to all elements of the crime.

After hearing evidence on the *voir dire,* in the absence of the jury, the court ruled that the search of the car trunk was made with the consent of defendant, the seizure of the goods found there was lawful, and testimony with respect thereto and such of the goods seized as were identified as the property of Justice Drug Company were competent and admissible as evidence. The ruling is sustained. The fact that defendant was under arrest at the time consent was given does not render the consent involuntary. There is no evidence of coercion or duress. *United States v. Kidd,* 153 F. Supp. 605 (W. D. La. 1957); *State v. Coffey,* 255 N.C. 293, 121 S.E. 2d 736; *State v. McPeak,* 243 N.C. 243, 90 S.E. 2d 501, cert. den. 351 U.S. 919.

The exception to the charge fails to point out specifically the part of the charge challenged, is a broadside exception and is ineffectual. *State v. Jones,* 249 N.C. 134, 105 S.E. 2d 513.

No error.