State v. Bullin

STATE OF NORTH CAROLINA v. LARRY BULLIN

No. 7722SC559

(Filed 7 December 1977)

1. **Constitutional Law § 34; Criminal Law § 26.5— misdemeanor larceny—case dismissed—larceny from employer—no double jeopardy**

    Where defendant was originally placed on trial for misdemeanor larceny, which requires that a trespass be shown, but the case was dismissed, and defendant was subsequently charged with felonious larceny from his employer, which requires that a larceny be committed in violation of a trust relationship between the employee and employer, defendant was not subjected to double jeopardy, since a former jeopardy plea cannot be sustained if proof of an additional fact is required in one prosecution which is not required in the other.

2. **Criminal Law § 162— testimony given over objection—objection waived**

    In a prosecution for felonious larceny from defendant's employer, the trial court did not err in allowing evidence concerning a note which defendant signed to reimburse the company for which he worked for money which disappeared while he was on duty on an earlier occasion where defendant was questioned about the note; his counsel objected to the question; defendant stated that he would like to answer; and defendant proceeded to testify about the matter without further objection.

3. **Criminal Law § 89.2— inventory sheet—admissibility to corroborate witness**

    In a prosecution of defendant for felonious larceny from his employer, the trial court did not err in allowing into evidence an inventory sheet on which defendant's employer had calculated the amount of money which was missing, since the evidence was admissible to corroborate the employer's testimony concerning the missing money.

4. **Larceny § 7— larceny from employer—defendant as employee—sufficiency of evidence**

    In a prosecution of defendant for felonious larceny from his employer, evidence was sufficient to show that defendant was an employee of the service station in question where it tended to show that defendant was entrusted with company money; he placed money in a towel dispenser before leaving his work; and he telephoned the station manager later that day to notify him that he was quitting. G.S. 14-74.

APPEAL by defendant from *Long, Judge.* Judgment entered 11 February 1977 in Superior Court, IREDELL County. Heard in the Court of Appeals 26 October 1977.

Defendant was originally placed on trial in district court for misdemeanor larceny of the same money involved in this case but that action was dismissed on 16 September 1976. On 23

September 1976 a warrant was issued charging defendant with felonious larceny from his employer in violation of G.S. 14-74 and on 31 January 1977 an indictment on the same charge was returned.

When this case was called for trial, defendant moved to dismiss on the ground that he was placed in jeopardy when he was tried in district court for misdemeanor larceny, and the dismissal of that action prevented a subsequent prosecution. The court denied the motion, defendant pled not guilty and was tried before a jury.

Evidence for the State tended to show:

About one month prior to 26 August 1976, defendant was employed as a service station attendant by Richard Overcash, the manager of a Service Distributing Company station. As a service station attendant, defendant was entrusted with company money. On the morning of 26 August 1976, the manager gave defendant $100 in silver and paper money with which to make change. In accordance with the business practice of the station, the manager conducted an inventory of the merchandise, including gas, oil, cigarettes and candy, at the beginning of the shift.

During the early part of the morning, the manager talked with defendant about a missing hose pipe which had disappeared during one of defendant's shifts and defendant indicated that he would not pay for it. Defendant received his paycheck that morning and about 10:30 or 10:45 the manager noticed that defendant was not at the station.

A little while later defendant telephoned to tell the manager that he had quit because he was not going to pay for the missing hose pipe, and that he had left the station's money in a towel dispenser over the gas pumps. The manager found some money in the towel dispenser but noticed that some was missing. He immediately closed the station, took an inventory and determined that $171.73 was missing.

At the close of the State's evidence defendant moved for a directed verdict but the motion was denied. He then testified in his own behalf that he quit work on 26 August 1976 after the manager told him that he would probably have to pay for the missing hose pipe; that he did not steal any money; that he placed

the station's money in the towel rack because he felt that was the safest place since there were people around and there was not an open drawer in the station in which the money changer would fit; and that he called the manager after he had left work because he was afraid to face him.

On cross-examination defendant explained the circumstances pertaining to a $360.40 note which he owed to Service Distributing Company. He stated that he signed the note in order to reimburse the company for $360.40 which had disappeared while he was on duty on or about 31 July 1976; and that $20 a week was to be withdrawn from his paycheck until the note was paid. He further testified that he had been convicted of breaking and entering, larceny, assault and nonsupport.

At the close of all the evidence defendant renewed his motion for a directed verdict and it was denied.

The jury found defendant guilty of larceny by an employee and from judgment imposing a prison sentence of eighteen months and a fine of $171.73, he appeals.

*Attorney General Edmisten, by Associate Attorney Thomas H. Davis, Jr., for the State.*

*McElwee, Hall and McElwee, by E. Bedford Cannon, for the defendant appellant.*

BRITT, Judge.

[1] Defendant contends first that the court erred in denying his motion to dismiss the indictment on the ground of double jeopardy. We find no merit in this contention.

Defendant argues that the misdemeanor larceny action under G.S. 14-72, which was dismissed by the district court, was a lesser included offense of the felony charge of larceny by an employee under G.S. 14-74, and that the dismissal of the lesser offense should bar prosecution on the greater offense. In support of his argument, he cites *State v. Birckhead*, 256 N.C. 494, 124 S.E. 2d 838, 6 A.L.R. 3d 888 (1962). We think the *Birckhead* lesser degree rule is inapplicable to the present case.

It is a well settled rule in North Carolina that "the two prosecutions must be for the same offense—*the same both in law and*

*in fact*—to sustain the plea of former conviction." *State v. Malpass*, 189 N.C. 349, 355, 127 S.E. 248 (1925) (cited with approval in *State v. Birckhead, supra*.) "[I]f proof of an additional fact is required in the one prosecution, which is not required in the other, even though some of the same acts must be proved in the trial of each, the offenses are not the same, and the plea of former jeopardy cannot be sustained." 4 Strong's N.C. Index 3d, Criminal Law § 26.3, p. 113.

Applying these principles to the present case, it is noted that the misdemeanor larceny case in which defendant received a dismissal was based on G.S. 14-72. A conviction under that statute requires that either an actual or constructive trespass be shown. *State v. Bowers*, 273 N.C. 652, 161 S.E. 2d 11 (1968). In the case at hand defendant was charged with larceny by an employee under G.S. 14-74 which requires by its express terms that the larceny be committed in violation of a trust relationship between the employee and the employer. *State v. Wilson*, 101 N.C. 730, 7 S.E. 872 (1898). Since the element of trespass required in G.S. 14-72 is not required for prosecution under G.S. 14-74, and the element of trust required under G.S. 14-74 is not required in G.S. 14-72, the dismissal of the charge under G.S. 14-72 cannot be considered a prior adjudication which would bar prosecution under G.S. 14-74.

[2] Defendant's second contention is that the court committed reversible error by failing to exclude irrelevant evidence in the nature of alleged prior acts of misconduct. He argues that such evidence created a substantial likelihood that it would be considered by the jury as substantive evidence of the guilt of the offense for which he was on trial. This contention relates to evidence concerning the $360.40 note which defendant signed to reimburse the company for money which disappeared while he was on duty on 31 July 1976. We find no merit in this contention.

The record reveals that defendant was asked on crossexamination about the 31 July 1976 incident; his counsel objected to the question but defendant stated that he would like to answer. He then proceeded to answer questions about the matter without further objection. Thereafter, testimony was given without objection by the station manager about the matter.

Clearly, defendant waived his objection to the testimony. Furthermore, it is well settled that the admission of testimony

over objection is harmless when other testimony of the same import is theretofore or thereafter admitted without objection. 4 Strong's N.C. Index 3d, Criminal Law § 169.3.

[3] Defendant next contends that the court erred in admitting into evidence the inventory sheet on which the station manager had calculated the amount of money which was missing. He argues that the sheet was not admissible as corroborative evidence and that sufficient foundation was not laid to establish the hearsay rule exception for business records or to establish past recollection recorded. We find no merit in this contention.

The trial judge properly allowed the inventory sheet to be introduced to corroborate the station manager's testimony concerning the missing money. "In most jurisdictions evidence in support of a witness's credibility will not be received unless he has been directly impeached, and then only under more or less severe restrictions. In North Carolina, however, the utmost latitude is allowed. . . . Indeed, the more recent cases tend to ignore the requirement of impeachment altogether." 2 Stansbury's N.C. Evidence § 50 (Brandis rev. 1973). *See Chesson v. Insurance Co.,* 268 N.C. 98, 150 S.E. 2d 40 (1966). In *State v. Rose,* 251 N.C. 281, 111 S.E. 2d 311 (1959), the court allowed affidavits of police officers to corroborate their testimony and noted that the application of the rule regarding the admission or exclusion of corroborative evidence was a subject which necessarily rested in large measure as a discretionary matter with the trial judge. We perceive no abuse of discretion.

[4] Finally, defendant contends that the trial court erred in denying his motions for nonsuit because the evidence failed to show that he was an employee of Service Distributing Company at the time he placed the billfold and the coin changer in the towel dispenser. We find no merit in this contention.

The evidence that defendant was entrusted with company money as an employee on the morning of 26 August 1977, that he placed money in the towel dispenser before leaving his work, and that he then telephoned the manager later that morning to notify him that he was quitting, was sufficient to establish defendant's status as a company employee at the time he placed the money in the towel dispenser, and to overcome his motions for nonsuit.

For the reasons stated, we conclude that the defendant received a fair trial free from prejudicial error.

No error.

Judges PARKER and VAUGHN concur.